

# THE LAW OFFICE OF FLORIAN MIEDEL

September 11, 2012

Hon. John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

                                            RE:    **United States v. Kareem Shepherd**
                                                         **11-CR-914 (JGK)**

Dear Judge Koeltl:

      On February 29, 2012, Kareem Shepherd pled guilty before Your Honor pursuant to a plea agreement with the government to count one of the indictment, charging him with conspiracy to commit mail fraud and health care fraud in violation of 18 U.S.C. §§ 1341, 1347, and 1349.  He is scheduled to be sentenced by Your Honor on September 14, 2012.  The Probation Department and the government both estimate that Mr. Shepherd's total offense level is 14, that his criminal history category is I, and that his corresponding guideline range of imprisonment is 15-21 months.  <u>See</u> Pre-sentence report (PSR) at ¶¶ 56, 59, and 92.  I concur with the guideline estimates by the government and the Probation Department.  For the reasons set forth below, however, I urge the Court to sentence Mr. Shepherd to Time Served with a period of supervision to follow.  Such a sentence would be reasonable and satisfy the aims of sentencing set forth in 18 U.S.C. § 3553(a).

**Objection to the Pre-sentence Report**

      At the outset, I wish to correct a small but important error in the PSR.  On page 2, and again in ¶ 66, the Probation Department states that Mr. Shepherd is not a United States citizen.  It indicates that Immigration and Customs Enforcement has conveyed to the Probation Department that Mr. Shepherd is a legal resident in the United States, but a citizen of Guyana.  That information is incorrect.  Mr. Shepherd is a United States citizen, and provided the government with his American passport on the day of his release on bond.  The government has confirmed Mr. Shepherd's citizenship status.  Pre-trial Services is currently in possession of Mr. Shepherd's passport.  I respectfully request the Court to order the Probation Department to correct its pre-sentence accordingly.

**Kareem Shepherd's History and Character**

Kareem Shepherd is a 24 year old young man with no criminal record. When he was in 11th grade, Mr. Shepherd's girlfriend, Deneisa Perry, became pregnant. In order to support her and their baby, Mr. Shepherd decided to leave high school to pursue full-time employment. Since he was 17 years old, therefore, Mr. Shepherd has steadily worked in a number of different jobs. See PSR at ¶¶ 79-84. Perhaps his most meaningful employment was between 2009 and 2011, when he worked as a direct care worker at the Evelyn Douglin Center, assisting with the care of elderly and mentally disabled patients. He found the work there emotionally satisfying and even though he was let go due to tardiness, he remained hopeful to find work in the direct care field again. Id. at 83.

During this period, Ms. Perry gave birth to their child Kareem, Jr., who is now 5 years old. See PSR at ¶ 68, In July of this year, Ms. Perry gave birth to their second child, and Mr. Shepherd is now the father of two children who desperately need his emotional and financial support. Ms. Perry does not work, and the little family has relied on his income to make ends meet. They all currently live with Ms. Perry's mother because they cannot afford their own apartment, but naturally wish to find their own place when they are able.

Since being let go by the Evelyn Douglin Center in July 2011, Mr. Shepherd remained unemployed for over a year, except for the income he received by occasionally driving a livery cab in Brooklyn. See PSR at ¶ 84. He applied for numerous jobs in all areas of the economy but was unsuccessful. Recently, in August 2012, Mr. Shepherd was finally hired by Wendy's Restaurants, where he now works the night shift. Although his income is close to minimum wage, Mr. Shepherd is grateful that he has work and can contribute to the well-being of his children and their mother.

Mr. Shepherd does not, however, wish to remain a minimum wage worker indefinitely, and is therefore serious about continuing his education. In 2008, he obtained his GED, and he recently enrolled in a 600 hour plumbing training program at the Berk Trade and Business School in Queens, which provides intensive training and job placement in the plumbing field. Mr. Shepherd now attends classes at Berk every evening from 6pm to 10pm, after which he goes to his night shift at Wendy's.

**Conclusion**

Kareem Shepherd is a young man who, in an effort to make some extra money to support himself and his family, made some terrible decisions. Rather than earning an income the hard way, he decided – to his considerable detriment – to pocket some easy cash by serving

as a "runner" for others who were committing insurance fraud.[1] Mr. Shepherd has no one to blame but himself for the predicament he is in, and the potentially devastating consequences of his actions. He is palpably conscious of the wrong he has done and its effect on him and his family – in particular his young children. <u>See</u> Exhibit A, letters in support. He faces the possibility of being separated from his loved ones for a period of time, to lose his job, his training program, and to be forced to start over from scratch. At the very least, he faces the unenviable prospect of trying to lead a productive life with a felony conviction holding him back.

But as his loved ones attest in their letters of support, Mr. Shepherd is dedicated to his family – his children and their mother. He wants to do right by them, and has unquestionably learned from this experience. The Court must consider all of the factors set forth in 18 U.S.C. § 3553(a) to reach a reasonable sentence. But I hope the Court recognizes that Mr. Shepherd is at a juncture in his life where a productive, law-abiding life is in his immediate future. After a year of unemployment, he has found work. He has a new baby and his presence and support is now more necessary than ever. He has enrolled in school in order to pursue a vocation in which he will better be able to take care of his family. A jail sentence at this point would cause Mr. Shepherd, and, by extension, his family, a serious setback. I therefore urge the Court to give Mr. Shepherd a chance, allow him to continue on his productive path, and to sentence him to a non-custodial term of supervision.

Thank you very much for your consideration.

Respectfully submitted,

Florian Miedel

Cc:     AUSA Daniel Chung (email)

---

[1] It should be noted that as a "runner," Mr. Shepherd did not share in the proceeds of the fraud. He was paid a few hundred dollars to bring "accident" victims to the clinics, and in total only made a few thousand dollars as a result of his participation in this conspiracy.